IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANET MASON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-00736-G-BT |
| | § | |
| AT&T PENSION BENEFIT PLAN, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* civil action are (1) Defendant AT&T Pension Benefit Plan and AT&T Services, Inc.'s motion to dismiss for failure to state a claim and (2) Plaintiff Janet Mason's motion for leave to file a second amended complaint. For the reasons stated, Plaintiff's Motion to Amend Complaint (ECF No. 24) is DENIED and the Clerk of Court is directed to STRIKE her second and third responses to Defendants' motion to dismiss. The undersigned further recommends that Defendants' Motion to Dismiss (ECF No. 18) be GRANTED.

**Background**

This is at least the fourth time since 2013 that Plaintiff Janet Mason has sued her former employer, AT&T Services, Inc. (AT&T).[1] According to her live pleading,

---

[1] *See Mason v. AT&T Services, Inc.*, 3:18-cv-00322-N-BT; *Mason v. AT&T Services, Inc.*, 3:18-cv-00139-B-BN; *Mason v. AT&T Services, Inc.*, 3:13-cv-00858-D-BH.

1

Mason worked for AT&T for over 20 years until her termination in 2018. *See* First Am. Compl. 11 (ECF No. 15). She claims that AT&T retaliated against her by refusing to pay her a severance because she would not drop a lawsuit against AT&T. *Id.*; Mot. Dismiss Am. Compl. 4 (ECF No. 18). This purportedly forced her to call Fidelity Investments (Fidelity) to ask about the income available from her allegedly vested pension. First Am. Compl. 11; Mot. Dismiss Am. Compl. 4.

Mason states that AT&T Pension Benefit Plan (the "Plan") mails a thirty-day cancellation and commencement letter to former employees to confirm the activation of their pensions. First Am. Compl. 11. Despite possessing information on how to contact Mason, the Plan allegedly mailed this letter to the wrong address, preventing Mason from confirming her pension. *Id.*; Mot. Dismiss Am. Compl. 4. Mason later confirmed the pension, however, "on a conference call in an urgent manner." First Am. Compl. 11; Mot. Dismiss Am. Compl. 4. This confusion purportedly resulted from, at least in part, AT&T's failure to debrief employees regarding their pensions upon termination—"a coordinated effort to steal . . . earned and vested pension payments." First Am. Compl. 11; Mot. Dismiss Am. Compl. 4.

After allegedly confirming her pension, Mason filed complaints with both Fidelity and AT&T to recalculate her pension amounts and correct the monthly benefit. First Am. Compl. 11; Mot. Dismiss Am. Compl. 4. Each company denied Mason's complaints, prompting her to initiate the current action on March 27,

2

2020 against AT&T and the Plan (together "Defendants"). *See* Original Compl. (ECF No. 3).

Mason's original complaint consisted of a single paragraph, entitled "Preliminary Statement," in which she claimed to bring suit under the Employment Resource Income Security Act of 1974 (ERISA). *See id.* at 3. She alluded to a "wrongful termination" and acts of retaliation. She also stated that AT&T's failure to mail the thirty-day notice to her correct address led to a loss in excess of one million dollars. *Id.* at 3. Defendants subsequently filed their first Motion to Dismiss (ECF No. 11), arguing that Mason's failure "to comply with the basic requirements of Rule 10 to set forth her claims in numbered paragraphs addressing 'a single set of circumstances' " left the defendants confused as to what exactly Mason was claiming. Mot. Dismiss Compl. 3–4 (ECF No. 11).

Mason quickly filed a more robust First Amended Complaint less than one week later. *See* First Am. Compl. Defendants point out that this First Amended Complaint contains "more than fifty paragraphs either directly copied word-for-word or substantially copied from the complaint filed in *Eliason et al. v. AT&T Inc., et al.*, No. 3:19-cv-06232-SK (N.D. Cal. Oct. 1, 2019)" (Eliason Complaint), a lawsuit brought by former employees of AT&T subsidiaries against the Plan for ERISA retirement benefits:

- Pages one (1), five (5) and nine (9) of the Amended Complaint contain headings that [] directly copied the

3

headings from pages one (1), six (6) and eleven (11) of the Eliason Complaint.

- The first Paragraph 1 and the second Paragraph 1 through Paragraph 8 of the Amended Complaint are directly copied from Paragraph 1 and Paragraph 3 through Paragraph 10 of the Eliason Complaint.

- Paragraph 7 of the Amended Complaint includes the same typo "programs1" that appears in Paragraph 9 of the Eliason Complaint.

- Paragraph 9 of the Amended Complaint is a direct copy of the second sentence of Paragraph 14 of the Eliason Complaint.

- Paragraph 10 to Paragraph 20 of the Amended Complaint are direct copies of Paragraph 15 to Paragraph 25 of the Eliason Complaint.

- Paragraph 18 of the Amended Complaint contains the name of another plaintiff in the Eliason action as set forth in Paragraph 23 of the Eliason Complaint.

- Paragraph 21 of the Amended Complaint contains an express reference to "Eliason" and is an adaptation of Paragraph 26 of the Eliason Complaint.

- Paragraph 22 to Paragraph 35 of the Amended Complaint are direct copies of Paragraph 29 to Paragraph 42 of the Eliason Complaint.

- Paragraph 36 to Paragraph 44 of the Amended Complaint are direct copies of Paragraph 45 to Paragraph 53 of the Eliason Complaint.

4

- Paragraph 54 of the Amended Complaint appears out of sequence and directly copies Paragraph 54 of the Eliason Complaint including the use of the same number.

- Paragraph 45 to Paragraph 46 of the Amended Complaint are direct copies of Paragraph 55 and Paragraph 57 of the Eliason Complaint.

Mot. Dismiss Am. Compl. 2–3 (internal citations omitted). These copied paragraphs contain factual allegations regarding Eliason, an attempt to name AT&T, Inc. as a defendant,[2] and citations to statutes and legal principles irrelevant for Mason's purposes.[3]

    In a letter attached to the end of the plagiarized First Amended Complaint, Mason offered a single page of allegations similar to her Original Complaint. *See* First Am. Compl. 11. In this letter, it appears that Mason seeks recoupment of wrongfully denied pension benefits under ERISA § 1132(a)(1)(B). *See id.* In the first paragraph of the First Amended Complaint, however, Mason asserts that this action is brought under ERISA § 1132(a)(3) pertaining to the breach of fiduciary duty. *Id.* at 1, ¶ 1 (citing 29 U.S.C. § 1132(a)(3)).

---

[2] To the extent that Mason properly served AT&T Inc., AT&T Inc. joins in Defendants' Motion to Dismiss Plaintiff's First Amended Complaint as well. Mot. Dismiss Am. Compl. 1 n. 1.

[3] For example, Mason copied statements purporting to bring this suit as a class action without attempting to meet the pleading requirements necessary to certify a class.

Defendants again filed a Motion to Dismiss asserting that Mason has failed to properly state a claim for relief. *See* Mot. Dismiss Am. Compl. Mason filed a response (ECF No. 19), and Defendants filed a reply (ECF No. 20). Mason then filed a second and third response without Defendants' consent or seeking leave to do so. (ECF Nos. 21 & 26). Defendants' Motion to Dismiss Mason's Amended Complaint is, therefore, fully briefed and ripe for determination.

Three months after Defendants' filed their reply, Mason filed a Motion to Amend to file a Second Amended Complaint. (ECF No. 24). Mason does not request leave to file or provide any arguments for why leave would be proper. *See id.* Rather, she merely files the proposed Second Amended Complaint preceded by the statement that she "would respectfully shows as follows." *Id.* at 2. The proposed Second Amended Complaint is nearly identical to Mason's First Amended Complaint and still includes large portions copied and pasted from the Eliason Complaint. Defendants filed a response to this Motion to Amend. (ECF No. 25). Mason did not file a reply and the time to do so has passed. Accordingly, Mason's Motion to Amend (ECF No. 24) also is ripe for determination.

## Legal Standards and Analysis

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule

6

12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require " 'detailed factual allegations,' " but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the

pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

I.    <u>Mason's claims should be dismissed, in their entirety, with prejudice.</u>

Mason invokes this Court's federal question jurisdiction based on claims arising under ERISA. First Am. Compl. 4. Congress enacted ERISA to protect "the interests of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory requirements for employee benefit plans and to provide for appropriate remedies, sanctions, and ready access to the Federal courts." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)) (internal quotation marks omitted). To further this purpose, participants or beneficiaries of an employee benefit plan may bring a civil action "to recover benefits due to [them] under the terms of [their] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *Boggs v. Boggs*, 520 U.S. 833, 846 (1997).

In the present case, the Court construes Mason's First Amended Complaint as asserting causes of action under ERISA §§ 1132(a)(3) and 1132(a)(1)(B). *See* First Am. Compl. 1, 11. For reasons stated below, the Court concludes that these

8

claims—and any claims inadvertently copied from the Eliason Complaint—must fail.

> a. Mason has abandoned all claims not associated with a denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

It is well established in this Circuit that when a plaintiff fails to defend a claim in response to a motion to dismiss or motion for summary judgment, the claim is deemed abandoned. *See Cantu v. Freedom Morg. Corp.*, 2021 WL 356840, at *2 (N.D. Tex. Jan. 4, 2021) (Rutherford, J.); *see also Scales v. Slater*, 181 F.3d 703, 708 n. 5 (5th Cir. 1999) (reasoning that the plaintiff abandoned her claim by failing to contest defendant's arguments for dismissal of that claim); *Gray v. Wal-Mart Stores Tex., LLC*, 2020 WL 7327994, at *4 (N.D. Tex. Nov. 6, 2020) (Rutherford, J.), *rec. adopted*, 2020 WL 7322737 (N.D. Tex. Dec. 11, 2020) ("Because Plaintiff has offered no evidence raising a material fact issue as to any element of her . . . claim—indeed, she has not responded or offered any evidence [at] all—the Court finds that Plaintiff has abandoned her claim. . . .").

Here, Mason filed a one paragraph response to Defendants' Motion to Dismiss Amended Complaint, in which she only raises arguments defending the alleged denial of her benefits claim. *See* Pl.'s First Resp. Mot. Dismiss Am. Compl. 1. She does not defend any other claims possibly raised in her First Amended Complaint. *See id.* Accordingly, the Court finds that Mason has abandoned all claims raised in her First Amended Complaint other than that for a denial of

benefits under § 1132(a)(1)(B). *See Arias v. Wells Fargo Bank, N.A.*, 2019 WL 2770160, at *2 (N.D. Tex. Jul. 2, 2019) (determining that the plaintiff abandoned his claim by failing to respond to the defendant's motion for summary judgment).

      b. <u>Even if not waived, Mason's claim under § 1132(a)(3) fails as a matter of law.</u>

ERISA § 1132(a)(3) allows employee benefit plan participants, beneficiaries, or fiduciaries to seek equitable relief for the breach of fiduciary duty:

> A civil action may be brought—
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C. § 1132(a)(3); *see also Cent. States, Se. & Sw. Areas Health & Welfare Fund ex rel. Bunte v. Health Special Risk, Inc.*, 756 F.3d 356, 363 (5th Cir. 2014) (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 n. 5 (1993)) ("ERISA § 502(a)(3) only allows claims for the types of equitable relief typically available in equity."). The Supreme Court has determined that such a suit is appropriate "when no other remedy is available." *Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga. Inc.*, 892 F.3d 719, 733 (5th Cir. 2018) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 510–15 (1996)). Following this guidance, the Fifth Circuit has ruled that "if a plaintiff can pursue benefits under the plan pursuant to [§ 1132(a)(1)],

there is an adequate remedy under the plan which bars a further remedy under [§1132(a)(3)]." *Id.* (internal quotation marks omitted).

In the present case, Mason, a plan participant, claims that Defendants wrongly denied her pension benefits. First Am. Compl. 11. The remedy she seeks is monetary, not one arising from equity. *See* Pl.'s First Resp. Mot. Dismiss Am. Compl. 1 ("My ask is for the proper allocated amount of my pension."). "Money damages are not typically available in equity," and, as stated, § 1132(a)(3) "only allows claims for the types of equitable relief typically available in equity." *Cent. States*, 756 F.3d at 363. Because Mason can seek monetary damages under § 1132(a)(1), she "cannot assert a separate ERISA claim for breach of fiduciary duty." *Swenson v. Un. of Omaha Life Ins. Co.*, 876 F.3d 809, 812 (5th Cir. 2017); *see also Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) ("Because [Plaintiff] has adequate redress for disavowed claims through his right to bring suit pursuant to section 1132(a)(1), he has no claim for breach of fiduciary duty under section 1132(a)(3).")

      c.  <u>Mason's First Amended Complaint is devoid of sufficient factual assertions to support a claim to recover pension benefits.</u>

Section 1132(a)(1)(B) allows participants or beneficiaries "to recover benefits due to [them] under the terms of [their] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Mason has failed to provide sufficient

factual support to state a plausible claim for relief under this provision.

Mason asserts that Defendants prevented her from confirming her pension plan by mailing the thirty-day cancellation and commencement letter to the wrong address but undercuts this allegation of wrongdoing by admitting that that she was able to confirm her pension over the telephone. First Am. Compl. 11. Mason's only other contention against Defendants is that AT&T did not hold "financial meetings with employees regarding their pension upon termination." *See id.* Despite offering no legal imperative requiring Defendants to do so, Mason claims without more that this amounted to "a coordinated effort to steal in excess of a million dollars in earned and vested pension payments." *See id.* Mason also provides no explanation for how she reached this number, as she acknowledges that her pension is only worth $1,300 per month. Pl.'s First Resp. Mot. Dismiss Am. Compl. 1. Instead, Mason offers irrelevant allegations from an unrelated case in a different Circuit.

In sum, the Court is unable to identify in Mason's First Amended Complaint overt acts committed by Defendants in furtherance of any effort to deprive Mason of her pension benefits. Mason admits that she confirmed her pension and does not explain how any miscommunication deprived her of receiving benefits to which she would otherwise be entitled. While Mason is not required to provide detailed factual allegations, she has only offered unadorned accusations that Defendants harmed her. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (stating

that bare, "the-defendant-unlawfully-harmed-me accusation[s]" are insufficient). Accordingly, the Court finds that Mason has failed to allege sufficient facts to support a claim to recover benefits under her pension plan. Defendants' motion to dismiss should be granted and her case dismissed with prejudice.

As discussed below, Mason has already pleaded her best case and any amendment would be futile.

II.   The Court DENIES Mason's Motion for Leave to File a Second Amended Complaint (ECF No. 24).

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While district courts "should freely give leave [to amend] when justice so requires," they have discretion to grant or deny such a motion "and may consider a variety of factors including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (internal citation and quotation marks

omitted).

Mason filed her Motion to Amend without Defendants' consent and without providing any justification for allowing another amendment. The Court now denies Mason's Motion to Amend for two reasons: (1) her failure to cure deficiencies in her Original Complaint and (2) amending the Complaint would be futile.

First, Mason's original complaint consisted of a single paragraph, in which she claimed, without more, that AT&T's failure to mail the thirty-day notice and hold an exit meeting regarding her pension led to a loss in excess of one million dollars. Original Compl. 3. Mason filed her First Amended Complaint in an attempt to cure the deficiencies identified in Defendants' first motion to dismiss—namely the dearth of specific factual allegations necessary to state a claim for relief. This proved unsuccessful, as Mason heavily plagiarized from the Eliason Complaint, including factual allegations and legal arguments unrelated to her claim for recovery of benefits.

Second, amending Mason's First Amended Complaint would be futile. An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003). The allegations in Mason's proposed Second Amended Complaint are nearly identical to those raised in her First Amended Complaint. Mason's proposed Second Amended Complaint, therefore, contains many of the same deficiencies that caused this Court to conclude that her First Amended Complaint should be dismissed for failure to state

14

a claim. Indeed, the proposed Second Amended Complaint fails to add sufficient factual allegations to avoid dismissal. As a result, the Court finds that it would be futile to allow Mason to file her proposed Second Amended Complaint. Accordingly, the Court DENIES Mason's Motion to Amend Complaint (ECF No. 24).

III.  <u>The Court STRIKES Mason's second and third responses to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint as surreplies.</u>

Neither the local rules of this Court nor the Federal Rules of Civil Procedure allow a party to file a surreply as a matter of right. N.D. Tex. Loc. Civ. R. 7.1(e)–(f); *Progressive Concepts, Inc. v. Hawk Elec., Inc.*, 2009 WL 10705253, at *1 (N.D. Tex. Jul. 10, 2009). Indeed, surreplies are "highly disfavored" and permitted only in "extraordinary circumstances," such as when necessary to respond to new issues, theories, or arguments raised for the first time in a reply brief. *Luna v. Valdez*, 2017 WL 4222695, at *6 (N.D. Tex. Sept. 21, 2017); *see also Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, 2003 WL 251318, at *18 (N.D. Tex. Feb. 3, 2003) ("A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage.").

Mason has not shown the existence of any extraordinary circumstances that necessitate the filing of a surreply—let alone two. The Court independently reviewed Defendants' reply and found no new issue, theory, or argument that would necessitate a surreply. Therefore, the Court directs the Clerk of Court to

STRIKE Mason's second and third responses to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF Nos. 21 & 26).

IV.    The Court should find Mason to be a vexatious litigant.

Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *Obama v. United States*, 2010 WL 668847, at *2 (N.D. Tex. Feb. 24, 2010) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). Included in this inherent authority is "the power to levy sanctions in response to abusive litigation practices." *Id.* (internal citations omitted). *Pro se* litigants are not immune from such sanctions, as they have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Mason has engaged in such a pattern of vexatious and harassing conduct. As noted, this is the fourth lawsuit against AT&T that Mason has filed in this district. It is also the eighth lawsuit she has filed in this district in the past eight years. *See Mason v. State of Texas*, et al., 3:18-cv-02491-L-BT*; Mason v. AT&T Services, Inc.*, 3:18-cv-00322-N-BT; *Mason v. AT&T Services, Inc.*, 3:18-cv-00139-B-BN; *Mason v. King*, 3:13-cv-02875-K-BH; *Mason v. Taylor*, 3:17-cv-03170; *Mason v. Bank of Am. Home Loans*, 3:13-cv-02697-N-BK*; Mason v. AT&T Services, Inc.*, 3:13-cv-00858-D-BH. All but one of these case was dismissed at the pleading stage. And

16

as a litigant, Mason consistently ignores the Federal Rules of Civil Procedure and the local rules. In this case alone, she (1) filed her Original Complaint in a single unnumbered paragraph not at all limited to a single set of circumstances in violation of Federal Rules 8 and 10; (2) filed two surreplies to Defendants' Motion to Dismiss without first seeking leave to do so, (ECF Nos. 21 & 26); and (3) filed her Motion to file a Second Amended Complaint (ECF No. 24) without a certificate of conference or any other indication that she had previously conferred with counsel in violation of Local Rule 7.1(a) and (b). Additionally, Mason plagiarized a filing from a different Circuit, neglecting to remove that plaintiff's factual allegations or legal claims particular to his case.

The Court, therefore, finds that Mason has engaged in vexatious and harassing conduct. Accordingly, the Court recommends that Plaintiff be declared a vexatious litigant and warned that sanctions may be imposed for future vexatious conduct considered to be abusive and harassing in nature.

## Recommendation

For the foregoing reasons, the Court should GRANT Defendants' Motion to Dismiss Amended Complaint (ECF No. 18) and dismiss all of Mason's claims with prejudice. The Court should declare Mason a vexatious litigant and warn her that sanctions may be imposed for future vexatious conduct considered to be abusive and harassing in nature.

Additionally, the undersigned directs the Clerk of Court to STRIKE

Plaintiff's second and third responses to Defendants' Motion to Dismiss Amended

Complaint (ECF No. 21 & 26) and DENIES Plaintiff's Motion to Amend Complaint

(ECF No. 24).

**SO ORDERED.**

February 18, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).